## F. B. WEBB *v.* ROBERT H. CHILDS, ET AL.

**Decedent's Estates—Administrator—Settlement—Recovery of Excess Paid Out by Administrator Over Cash Received.**

> When an administrator in the final settlement shows that he has honestly paid out more than the cash received he is entitled to recover from the estate such excess payments, with interest from the date of the confirmation of the report of his settlement with the county court.

### APPEAL FROM LOUISVILE CHANCERY COURT.

September 27, 1877.

OPINION BY JUDGE ELLIOTT:

Elijah Childs died testate, and Jas. M. Childs was his executor. After the death of J. M. Childs, appellant was appointed administra-

tor of the estate of Elijah Childs with the will annexed. He settled the estate of Elijah, and in 1869 made his settlement with the county court, by which it appeared that he had paid out on account of debts against the estate $218.12 more than the assets which came to his hands. The report of the settlement was confirmed and recorded by the county court of Jefferson county, November 29, 1869, and as the same has never been surcharged or falsified in any form, it seems to us that appellant is entitled to interest on this sum from the date of the confirmation of the report of his settlement with the county court.

In 1867 he was appointed administrator of the estate of Elizabeth Childs, and he afterwards made a settlement of that estate and showed that he had paid in excess of assets received sixty odd dollars for that estate. He was also appointed guardian of the children of J. M. and Elizabeth Childs, three in number. These children had a small estate which appellant, after he became their guardian, rented out, and on settlement it turned out that he had expended for his wards $803.25 more than the income that he had received from their estate.

It seems that, as to Elizabeth Childs, her estate was entirely exhausted, and the appellant will have to lose the sum overpaid in its settlement, and as to the children of Elizabeth, who were appellant's wards, there is no evidence that his wards could not have earned their support or that a court of equity, if appealed to, would have authorized the expenditure; and we are of opinion that the court properly rejected appellant's expenditures for his wards in excess of his receipts of the income of their estate.

But the court would have allowed appellant on the $218.12 adjudged in his favor, and also his costs up to filing his amended pleading; but as the court had the right to put him upon terms, he having been guilty of some negligence, we are of opinion that the costs adjudged against him were proper.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. J. Elliott, for appellant.*